**Sandra A. WARREN, Plaintiff–Appellant,**

v.

**SOCIAL SECURITY ADMINISTRATION, Defendant–Appellee.**

Docket No. 00–6283.

United States Court of Appeals,
Second Circuit.

May 15, 2001.

Sandra A. Warren, pro se.

Jane B. Wolfe, Assistant United States Attorney; Denise E. O'Donnell, United States Attorney, of counsel, Buffalo, NY, for appellee.

Present NEWMAN and CABRANES, Circuit Judges, and UNDERHILL, District Judge.*

## SUMMARY ORDER

ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, AD-JUDGED, AND DECREED that the judgment of the District Court be and it hereby is AFFIRMED in part, and the cause REMANDED solely for the calculation of taxable costs owed appellant.

Sandra A. Warren, *pro se*, appeals from a grant of summary judgment in favor of defendant the Social Security Administration ("SSA") by the United States District Court for the Western District of New York (John T. Elfvin, *Judge*). The District Court concluded that the SSA conducted an adequate search for documents in response to Warren's request under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and that the SSA properly withheld certain documents under Exemptions 5 and 6 of the FOIA, *see id.* at § 552(b)(5) and (6).

The District Court did not err in so holding. We note, however, that the SSA's supporting declarations are extremely weak. Only because the FOIA request in this case was so straightforward, and only considering all of the SSA's declarations in combination, can we conclude that the SSA has—albeit barely—done enough to demonstrate that its search was adequate.

We have reviewed all of Warren's remaining contentions on this appeal and

have found them to be without merit, except insofar as she argues that she is entitled to taxable litigation costs. After the filing of this action, the SSA conducted a supplemental search and turned over additional documents to Warren. The SSA concedes that, as a result, Warren "substantially prevailed" in this action and is entitled to taxable costs. *See* 5 U.S.C. § 552(a)(4)(E) (permitting an award of "reasonable ... litigation costs" where plaintiff "substantially prevail[s]"). We therefore remand the cause to the District Court for the calculation of these costs.

For the reasons stated above, the judgment of the District Court is AFFIRMED in part, and REMANDED solely for the calculation of taxable costs owed Warren by the SSA.